WILLIAM CROOKSTON, RESPONDENT, *v.* CENTENNIAL EUREKA MINING COMPANY, APPELLANT.

CHANGE OF VENUE—RESIDENCE OF CORPORATION—COUNTER AFFIDAVIT.

1. A corporation, having its principal office located in Salt Lake city, and carrying on its general business there, is a resident of Salt Lake City, within the meaning of the statute (section 3196, Comp. Laws 1888) providing that actions must be tried in the judicial district in which the defendants or some of them reside at the commencement of the action; and it is error to refuse a change of venue upon a proper showing in the case.

2. Under section 3196, Comp. Laws 1888, corporations, like persons, have a local existence where the principal office or place of business is located, and they are properly said to reside at such locality.

3. When it does not appear, from the counter affidavit, that the plaintiff has fully and fairly stated all the facts in the case

to his counsel therein, or that he was advised by his counsel, after such statement was made, that he had a true and meritorious cause of action on the merits, and that he believed such advice true, nor how, or in what manner, his witnesses would be inconvenienced by a change in the place of trial, nor the names or residences of his witnesses, such affidavit is defective.

(No. 688.   Decided March 25, 1896.   44 P. R. 714.)

Appeal from the district court of the First judicial district, Territory of Utah.   Hon. W. H. King, *Judge.*

Action by William Crookston against the Centennial Eureka Mining Company, whose office and place of business was in the Third judicial district.   Defendant filed a demurrer and moved for a change of venue from the First judicial district.   Demurrer was overruled, and a change of venue denied, and defendant appeals. Reversed.

*Bennett, Marshall & Bradley,* for appellant.

*D. D. Houtz, R. Anderson,* and *Samuel A. King,* for respondent.

It is claimed that plaintiff's counter affidavit (p. 9 of abstract) does not show "merit," and so is insufficient.   It is true this affidavit does not state, that, he "stated all the facts were explained to counsel and that his counsel has advised him, and upon such advice he believes" he has a good cause of action.   But plaintiff has made a sworn statement of facts, concerning his cause of action, and we invite the court's attention to his complaint (p. I abstract) which was at that time on file in the First district court, and it in of its self constitutes a stronger affidavit of merit, than the formal statement in an affidavit.   The sworn complaint is in and of itself an affidavit of merit, and this with the counter-affidavit and all the proceed-

ings on the part of the plaintiff, together with the circumstances in the case, were sufficient to justify the court in exercising its discretion.   The fact that it would inconvenience plaintiff and his witnesses by a change of place of trial, was not controverted by defendant, and the court being fully advised of all the facts had the right to refuse the motion, subject to review only in case of abuse. *Hanchett* v. *Finch,* 47 Cal. 192; *Edwards* v. *S. P. R. R. Co.,* 48 Cal. 460; *Hall* v. *C. P. R. R. Co,* 49 Cal. 454; *Reavis* v. *Cowell,* 56 Cal. 592; *Pearson vs. McCahill,* 22 Cal. 132.

The case of *Jenkins* v. *The California Stage Co.,* 22 Cal. 588, cited by appellants, distinctly holds that "when a defendant applies for a change of place of trial on the ground" of residence, that plaintiff has the right to oppose the motion by showing that the convenience of witnesses "would be promoted by refusing the change," "and such facts," say the court, "should govern and control the court in determining the question whether the application for the change should be granted or not."

In this case the question was clearly before the court, and it must be presumed the "facts controlled" the court in detaining this motion.

MINER, J.:

This action was brought in the First district court at Provo, to recover damages for personal injuries alleged to have been received by the plaintiff while working in defendant's mine at Eureka, Juab county, Utah.   At the time of the commencement of this action, Juab county was within the limits of the First judicial district court at Provo.   At the time when the injuries were alleged to have been received, and when the action was brought, defendant was a corporation, organized in Utah, and having its principal office and business in Salt Lake City and county, in the Third judicial district; and in its articles of

incorporation the principal office and place of business was stated to be fixed at Salt Lake City, and its general office, where its business was conducted and carried on, was in Salt Lake City. The greater portion of defendant's property was located in Juab county, where a greater portion of the work was carried on. The defendant filed its demurrer to the complaint, and also, in writing, demanded a change in the place of trial, based upon an affidavit setting forth the above facts, together with an affidavit of merit. The plaintiff opposed the motion for a change in the place of trial, and filed the following affidavit in opposition thereto: "William Crookston, being first duly sworn, upon oath says: That he is the plaintiff in the above-entitled case; that he is a resident of Eureka, Juab county, Utah, and has been for more than four years last past; that, in the above-entitled action, he seeks to recover damages for personal injuries received in working in the Blue Rock Mine, situate at Eureka, Juab county, Utah; that said injuries were received in this judicial district, and that all of his witnesses in said action reside in this district, and have so resided for more than a year last past; that, if said cause of action is transferred to the Third district court of this territory, it will greatly inconvenience the plaintiff herein, and compel him to expend a vast sum of money in order to obtain his witnesses and prosecute his case; that he firmly believes he has a good cause of action; that the defendant company is in business in this judicial district, and the greater portion of its property is situated in this district, and the greater portion of its work is performed in Juab county." The demurrer was overruled, and the motion for a change of place of trial was denied, from which ruling and order this appeal was taken November 30, 1895.

Section 3196, Comp. Laws Utah 1888, provides that this class of actions must be tried in the judicial district in

which the defendants, or some of them, reside at the time of the commencement of the action, subject, however, to the power of the court to change the place of trial as provided in the Code. Sections 3197 and 3198 provide the manner in which a change in the place of trial may be made. The residence of the defendant is shown to be in Salt Lake county, where its principal office is located, and where its principal and general business is carried on. In *Jenkins* v. *Stage Co.*, 22 Cal. 538, the court said: "The modern decisions very generally concur in giving corporations a local existence, like persons, and hold them to be properly included within the terms 'citizens,' 'inhabitants,' 'residents,' and the like. Every corporation has some locality, where its principal office or place of business is established, and it may very properly be said to 'reside' at such locality, and to be included within that term as used in section 20 of the practice act." *Railroad Co.* v. *Letson*, 2 How. 497; Ang. & A. Corp. 404-407. In *Buck* v. *City of Eureka*, 97 Cal. 139, 31 Pac. 845, the court said "that it was settled law, in this state, that a domestic trading corporation, within the meaning of the statute, resides in the county where it has its general place of business. This was first decided in *Jenkins* v. *Stage Co.*, 22 Cal. 537, and remained unquestioned at the time our present Code of Procedure was adopted. It must therefore be assumed that the legislature, in adopting section 395, intended it to apply to corporations." In *Cohn* v. *Railroad* Co., 71 Cal. 488, 12 Pac. 498, the court held "that the principal place of business of a corporation is its 'residence,' within the meaning of that term as used in section 20 of the practice act, fixing the place of trial of an action." Section 395 of the California Code of Civil Procedure is a re-enactment of section 20 of the practice act, and was first enacted in 1851. The Utah Code of Civil Procedure took effect in 1884. Section 3196, Comp. Laws

Utah 1888, is the same as section 395 of the California Code of Civil Procedure, and was a re-enactment and adoption of the California statute, which carried with it the construction placed upon the statute by the California court, first above quoted.

The counter affidavit filed by the plaintiff is defective in not stating the names or residences of the plaintiff's witnesses, and in not showing merits. It does not appear, from the affidavit, that the plaintiff had fully and fairly stated all the facts in the case to his counsel, or that he was advised by his counsel, after such statements so made as aforesaid, that he had a good and meritorious cause of action on the merits, and that he believes such advice true. Nor does it appear how or in what manner his witnesses would be inconvenienced by a change in the place of trial. *Loehr* v. *Latham*, 15 Cal. 418.

The judgment and order of the First district court, in refusing to grant the defendant a change in the place of trial as requested, is set aside and reversed, and the case is remanded.

ZANE, C. J. and BARTCH, J., concur.