## MULLEN v. NORTHERN ACCIDENT INS. CO.

Under Code Civ. Proc. § 101, as amended by Laws 1909, c. 283, providing that the action shall be tried in the judicial subdivision in which defendant resides at the commencement of the action, the venue of an action against a domestic corporation is not any place where it happens to transact business, but in the county of its "principal place of business," the place where its president, secretary, and board of directors meet to transact the governing business of the corporation proper, where its books are kept; that is, where its governing power is exercised and controlled by its board of directors and officers (citing 6 Words and Phrases, 5559.)

An action on a policy insuring against accident to human beings is not within Code Civ. Proc. § 99,, subd. 5, declaring the venue of an action on a policy of insurance to recover loss or damage to property insured to be the county where the property was situated at the time of the loss or damage.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. RICE, Judge.

Action by Bernard Mullen against the Northern Accident Insurance Company. Judgment for plaintiff. Defendant appeals. Reversed, with directions for change of venue.

*Samuel C. Polley, Jason W. Baker,* and *Taubman & Williamson,* for appellant.

A corporation for the purposes of being sued is a resident of the county where its principal office and place of business is located, and suits against it should be brought in such county. Jenkins v. Stage Co., 22 Cal. 538; Cohn v. Railroad Co., 12 Pac. 498; Crookston v. Mining Co., 44 Pac. 714; Easley v. New Zealand Ins. Co., 38 Pac. 405; Holgate v. Oregon Pacific Ry. Co., 17 Pac. 859; McSherry v. Gold Mining Co., 32 Pac. 711; Krogh v.

Pac. Gateway & Development Co., 104 Pac. 698; Grocers' Fruit Growing Co. v. Land Co., 89 Pac. 120; Thomas v. Placeville, 4 Pac. 641; Frenso et al. v. Court, 24 Pac. 157; State v. Milwaukee, 45 Wis. 574; Korr Cyc. Code of Cal., vol. 3; Civil Code of Procedure, Sec. 395.

*Hayes & Heffron,* for respondent.

In the absence of a statute governing the subject, the appellant corporation is a resident, for the purpose of suit, of any county in which it transacts business and establishes an office. U. S., St. Clair v. Cox, 106 U. S. 350; Neb., Fremont Butter & Egg Co. v. Snyder, 58 N. W. 149; N. Y., Pond v. Hudson River R. Co., 17 Howard Practice Rep. 543; N. C., Cline v. Bryson City Mfg. Co., 21 S. E. 791; Mo., City of St. Louis v. Wiggins Ferry Co., 40 Mo. 586; Mo., Slavens v. So. Pac. R. R., 51 Mo. 308; Locomotive Truck Co. v. Erie R. Co., 10 Blatchf. 292; Ia., Richardson v. Burlington R. R. Co., 8 Ia. 260; S. C., Tobin v. Narrow Gauge R. Co., 25 S. E. 283; Ga., Davis v. Banking Co., 17 Ga. 323; Minn., Schoch v. Winona R. Co., 55 Minn. 479; Minn., Taylor v. Grand Lodge, 107 N. W. 545.

McCOY, J.  This action was instituted for the purpose of recovering upon an accident insurance policy issued by appellant to respondent. The venue was laid in Lawrence county and summons was served upon defendant, the appellant, in Brown county. Defendant in due time demanded a change of place of trial and made application to the circuit court of Lawrence county for an order changing the place of trial from Lawrence to Brown county. The application was denied, and exception taken, which ruling of the court is now assigned as error.

Section 101, Code Civ. Proc., as amended by chapter 283, Laws 1909, provides that the suit shall be tried in the judicial subdivision in which the defendant shall reside at the commencement of the action. The appellant is a domestic corporation organized under the laws of this state and is transacting an accident insurance business in the city of Aberdeen, Brown county. By its "principal place of business" is meant the place where its president, secretary, and board of directors meet to transact the

governing business of the corporation proper, where the books of
the corporation are kept; that is, where the governing power of
the corporation is exercised and controlled by the board of direct-
ors and officers of such corporation, and does not mean every
place where such corporation may happen to transact business.
6 Words & Phrases, § 5559; Standard Oil Co. v. Commonwealth,
110 Ky. 821, 62 S. W. 897; Middletown Ferry Co. v. City of
Middletown, 40 Conn. 65; Milwaukee Steamship Co. v. City of
Milwaukee, 83 Wis. 590, 53 N. W. 839, 18 L. R. A. 353. Unless
otherwise prescribed by statute, a domestic corporation for the
purpose of being sued is a resident of the county where its prin-
cipal place of business is located, and suits against it should be
brought in such county, subject to the power of the court to
change the venue to some other county for the reasons mentioned
in section 102, Code Civ. Proc., as amended by chapter 283, Laws
1909. There being no showing made by respondent as to the con-
venience of witnesses or otherwise that would authorize the court
to retain the cause for trial in Lawrence county, the application
for change of place of trial by defendant should have been
granted, and the court therefore erred in not granting the appli-
cation. Subdivision 5, § 99, Code Civ. Proc., providing that "all
actions brought on a policy of insurance to recover for loss or
damage to property insured, shall be tried in the county or
judicial subdivision where such property is situated at the time of
such loss or damage," does not apply to suits on accident policies
insuring against accidents to human beings. There is nothing in
the statute of this state requiring actions of this character to be
brought in the county where the cause of action arose as exists in
some of the states. Cases holding that domestic corporations have
a right to trial in the county where their principal place of busi-
ness is located: Jenkins v. Stage Co., 22 Cal. 538; Cohn v. Rail-
way Co., 71 Cal. 488, 12 Pac. 498; Crookston v. Mining Co., 13
Utah, 117, 44 Pac. 714; Easley v. New Zealand Ins. Co., 4 Idaho,
205, 38 Pac. 405; Holgate v. Oregon Ry. Co., 16 Or. 123, 17 Pac.
859; Krogh v. Pacific Development Co., 11 Cal. App. 237, 104
Pac. 698; 12 Cent. Digest, tit. "Corporations," § 1955; 22 Ency.
Pleading and Practice, 802.

The judgment of the circuit court is reversed and the circuit court of Lawrence county is directed to enter an order changing the place of trial from Lawrence to Brown county.