66   209
83   497
66   209
a102   49
66   209
106   58
66   209
134   588
134   589
66   209
144   206

[No. 9,578. In Bank.—December 9, 1884.]

## ELLEN LEWIS ET AL., RESPONDENTS, *v.* SOUTH PACIFIC COAST RAILROAD COMPANY, APPELLANT.

PLACE OF TRIAL—CORPORATION.—An action against a railroad corporation to recover damages for injuries sustained, may be tried in the county where the injury was inflicted, and the defendant corporation has no right to have the place of trial changed to the county where it has its principal place of business.

CONSTITUTIONAL LAW.—Section 16 of article xii. of the State Constitution is not in conflict with any provision of the fourteenth amendment of the Constitution of the United States.

APPEAL from an order of the Superior Court of Santa Clara County, refusing to change the place of trial.

The facts are stated in the opinion of the court.

*E. S. Pillsbury*, for Appellant.

*Laine & Johnston*, for Respondents.

Ross, J.—Section 16 of article xii. of the present Constitution of the State, reads: "A corporation or association may be sued in the county where the contract is made, or is to be performed, or where the obligation or liability arises, or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

The defendant is a corporation, having its principal place of

LXVI. CAL.—14

business in the city and county of San Francisco, and was sued by the plaintiff in the county of Santa Clara, to recover damages for injuries alleged to have been inflicted upon him by defendant on the 10th of July, 1883, in the said county of Santa Clara.

Defendant claims the right to have the action tried in the county where it has its principal place of business, and a motion to that end having been denied by the court below, the appeal is from the order of refusal.    It is urged that the provisions of the constitution quoted apply exclusively to matters of contract, and have no application to actions of tort.    We do not think the language employed admits of such restriction.    And that none such was intended by the framers of the instrument, plainly appears from the proceedings of the Constitutional Convention at the time the section in question was adopted.    (Vol. 1, pp. 452 –3.)

Nor are we able to see wherein the provision of the State Constitution in question conflicts with the provision of the fourteenth amendment to the Constitution of the United States.

Order affirmed.

MYRICK, J., SHARPSTEIN, J., MORRISON, C. J., and McKEE. J., concurred.

THORNTON, J., concurred in the judgment.

Rehearing denied.