[No. 11519.  In Bank. — December 30, 1886.]

# B. COHN, APPELLANT, v. CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

CHANGE OF VENUE — ACTION AGAINST CORPORATION — BREACH OF CONTRACT. — Under section 16, article 12, of the constitution, in an action against a corporation to recover damages for the breach of a contract, the defendant is entitled to a change of the place of trial to the county in which its principal place of business is situated, when the county in which the action was brought is not the one in which the contract was made or was to be performed, or in which the obligation or liability arose or the breach occurred, or in which the principal place of business of the corporation is situated.

ID. — RESIDENCE OF CORPORATION. — The principal place of business of a corporation is its residence, within the meaning of that term as used in section 395 of the Code of Civil Procedure fixing the place of trial of actions.

APPEAL from an order of the Superior County of Los Angeles County changing the place of trial.

The facts are stated in the opinion of the court.

*Howard & Scott*, for Appellant.

*Glassell, Smith & Patton*, for Respondent.

McKEE, J.—This is an action against the corporation defendant, in which the Superior Court of Los Angeles County changed the place of trial of the action to the city and county of San Francisco.

The basis of the application upon which the court ordered the change of venue was an affidavit, verified by the attorney of the corporation, showing· that the residence of the corporation was, at the commencement of the action, in the city and county of San Francisco, and that that was the proper place for the trial of the case.

Upon that showing, in connection with the pleadings in the case, the court made the order from which the plaintiff appeals.

Section 16, article 12, of the constitution ordains:—

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurred, or in the county where the principal place of business of such corporation is situate, subject to the power of the court to change the place of trial as in other cases."

Now, the action in hand was brought to recover damages for breach of a contract which, as it appears by the complaint in the action, was made in the city and county of San Francisco, to be performed outside the state, and the breach of which occurred outside the state. The action was not brought in the county where the contract was made nor where it was to be performed, nor in the county where the breach occurred or where the obligation and liability arose, nor was it brought in the county of the alleged residence of the defendant. It was brought in Los Angeles County; therefore the county designated in the complaint was not the proper county, unless the residence of the defendant was unknown to the plaintiff. If that were the fact, then the action was properly brought, under section 395 of the Code of Civil Procedure, and could be tried in the county designated in the complaint, subject, however, even upon that assumption, to the power of the court to change the place of trial to the place of defendant's residence.

According to the uncontroverted statement in the affidavit, "the principal place of business of said defendant corporation was, at the time of the filing of the complaint in the action, and still is, at the city and county of San Francisco." In *Jenkins* v. *California Stage Company*, 22 Cal. 538, this court held that the principal place of business of a corporation *is its residence*, within the meaning of that term as used in section 20 of the Practice Act, fixing the place of trial. Section 20 of the Practice Act was re-enacted by section 395, Code of Civil Procedure; the order appealed from was therefore prop-

erly entered, upon the authority of that case, unless the case itself has been overruled. It is contended that it has been overruled by the decision in *C. S. R. R. Co.* v. *S. P. R. R. Co.*, 65 Cal. 394.

But that case arose out of a proceeding *in rem* to condemn a tract of land under the law of eminent domain.

Upon an application by the defendant in the case, the lower court refused to order the place of trial to be changed from San Diego County to the city and county of San Francisco, the alleged residence of defendant; and this court, on appeal, affirmed the order entered by the court below, because the land sought to be condemned was situated in San Diego County, and the condemnatory proceeding was properly brought in San Diego County, and had to be tried there. That was the only question raised and decided in the case. The other question, whether a domestic corporation had any place of residence in the state where it was entitled, as matter of right, to the trial of a suit brought against it in another county, did not necessarily arise in the case, and the expressions of opinion in the case upon that question are not authoritative; therefore, the case does not overrule *Jenkins* v. *California Stage Company, supra*; and under the constitutional provisions of section 16, article 12, *supra*, and upon the authority of that case, the court below, upon the affidavit made in this case, properly granted a change of venue.

Order affirmed.

McKINSTRY, J., MORRISON, C. J., and SHARPSTEIN, J., concurred.

MYRICK, J., concurring.—In concur in the judgment, because, under section 16, article 12, of the constitution, the action should have been brought in the city and county of San Francisco. The contract was there made; it was not to be performed in the county of Los Angeles,

nor did the obligation or liability arise or the breach occur in the latter county. Besides, the principal place of business of the corporation is situated in the city and county of San Francisco. I do not, however, join in approval of *Jenkins* v. *California Stage Company, supra.*