Vanclief, C.
This is an original application to this court for a writ of prohibition commanding the superior court of San Joaquin County to desist from further proceeding in an action by White and Thomas against the petitioner to recover a balance of six thousand dollars upon a building contract. The petitioner is a banking corporation, incorporated under the laws of the United States, having its principal place of business in the county of Fresno, in this state. The contract was for the building of a house for the petitioner in Fresno County, and was performed on the part of the plaintiffs in that county, but the contract, which is in writing, *493 does not state where payment for the work was to be made.
The summons in the action was served on the petitioner in Fresno County. Without appearing for any other purpose, the petitioner—defendant in that action —¡moved to dismiss the action, on the ground that the superior court of San Joaquin County had no jurisdiction of the person of the defendant. This motion was denied. A bill of exceptions by the defendant on the denial of this motion and a copy of the complaint are set out in the petition as the basis of this application.
It appears that, after the denial of the motion to dismiss, the defendant filed a demurrer and answer to the complaint, and demanded a change of the place of trial to Fresno County, and gave notice of motion for that purpose; but it does not appear that the court ever acted or was moved to act upon the demurrer or the matter of the change of venue. There is nothing, however, in the demurrer, answer, or demand for change of venue having the effect to waive any right that the defendant ever had to a dismissal of the action.
1. It is admitted by counsel for petitioner that by virtue of section 5 of article 6 of the constitution the court had jurisdiction of the subject-matter of the action; but they contend that section 16 of article 12 deprives the court of jurisdiction of the person of the defendant, for the reasons that the defendant is a corporation having its principal place of business in Fresno County; that the contract upon which the suit was brought was not made and was not to be performed in San Joaquin County, and that no obligation on that contract arose or breach thereof occurred in San Joaquin County. Whether these are sufficient reasons or not, it appears that they are true as matters of fact.
The section of the constitution relied on is as follows: “A corporation or association may be sued in the county where the contract is made or is to be performed, or *494 where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.”
It is claimed that this section, though not mandatory in form, is made so by section 22 of article 1, which is as follows: “The provisions of this constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise.”
But the express words “m<vy be sued,” in section 16 of article 12, are expressly merely permissive; and by these express words that section is “declared to be otherwise ” than mandatory, if mere permission is different from a command. No other express words were necessary to indicate that a command was not intended, or to declare that something different from a command was intended. It will not be contended that section 22 of article 1 has the effect to make the first clause of the same article mandatory, viz.: “Every citizen may freely speak, write, and publish his sentiments on all subjects”; or the clause in section 16, article 4: “He [the governor] may object to one or more items, while approving other portions of the bill”; or the following clauses of section 2 of article 6: “Any four justices may, either before or after judgment by a Department, order a case to be heard in Bank,” and “the chief justice may sit in either Department” ; yet there is no express word, except the word “may,” in any of the clauses, declaring or indicating that it is “otherwise” than mandatory. It therefore seems plain that, in these instances, the word “may” was used and intended expressly to “declare” that these clauses are not mandatory, and no reason is perceived why it -was not so used and intended in section 16 of article 12.
It is not questioned that the proviso in section 5 of article 6 is mandatory, viz.: “That all actions for the *495 recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated.”
It can hardly be presumed that the framers of the constitution failed to foresee that there might be just occasion for suing a corporation to recover, quiet the title to, or enforce a lien upon real estate not situated in any of the counties enumerated in section 16 of article 12; yet, upon the occurrence of such an occasion, if this section is to be deemed mandatory, there would be a square conflict between it and the proviso above quoted, in which one or the other must yield, or there would be no remedy against the corporation. Sorely no extraordinary meaning resulting in such a conflict or failure of remedy should be attributed to the words of section 16 of article 12, if their ordinary meaning would give any effect to the section without conflict. Without leading to any conflict, this section has the effect to permit á corporation to be sued in certain counties other than that of its residence or principal place of business, at the option of the plaintiff, and to deny to corporations the absolute right to a change of venue when sued in such other counties. This effected an important change in the law as it existed before the adoption of the present constitution, in so far as it denies the absolute right of the corporation to a change of venue to the county of its principal place of business, when sued in any one of the other counties named in the section; and this seems to be the only effect intended.
It is suggested that the expression of certain counties in which a corporation “may be sued” is exclusive of all other counties. But the maxim cited in support of this excludes only what is not expressed. Here it is expressed in the same instrument (sectkm 5, arcicle ff) that all superior courts have jurisdiction of the subject- *496 matter of the action in question, and that “ their process shall extend to all parts of the state.” The whole and exclusive subject-matter of section 5, article 6, is jurisdiction of superior courts; whereas, the only expressed subject-matter of section 16, article 12, is venias of actions against corporations. To extend the ordinary meaning of the words of the latter section, by the application of the maxim cited, would be to bring it into direct conflict with what is clearly expressed in section 5 of article 6. The very question under debate is, Does section 16 of article 12 exclude what is expressed in section 5 of article 6 ?
Section 1243 of the Code of Civil Procedure relating to judicial proceedings to condemn private lands for public use provides that “ all proceedings under this title must be brought in the superior court of the county in which the property is situated. They must be commenced by filing a complaint and issuing a summons thereon.”
There are two cases reported in 65 California, one at page 394 and the other at page 409, in which the Southern Pacific Railroad Company was sued to condemn a portion of its land. In the first case the land was situated in San Diego County, and in the other case in San Bernardino County. In each case the defendant moved for a change of venue to San Francisco, — its principal place of business. In each case the motion was denied on the ground that section 1243 of the code required the action or proceeding to be brought in the county where the land was situated. As neither of these cases was founded upon contract nor upon tort, it would seem, if section 16 of article 12 is mandatory, that the defendant had an absolute constitutional right to a change of venue to the county of its principal place of business, and that section 1243 of the Code of Civil Procedure (enacted April, 1880)' is unconstitutional so far as corporations are concerned. It is true that *497 this constitutional question does not expressly appear to have been considered in either of these cases; yet, it is not, therefore, to be presumed that the court unwittingly disregarded a constitutional requirement; but rather, that, being aware of section 16 of article 12 of the constitution, neither court nor counsel considered it inconsistent with section 1243 of the Code of Civil Procedure. If section 1243 of the Code of Civil Procedure is constitutional, no reason is perceived why section 396 of the same code should be considered unconstitutional.
It was said in one of these cases, overruling Jenkins v. Cal. Stage Co., 22 Cal. 537, that a corporation has no place of residence in the sense of section 395 of the Code of Civil Procedure, but section 16 of article 12 says nothing about residence. It simply provides that a corporation may be sued in the county where it has its principal place of business. But as to the point of residence of a corporation, these cases were overruled in Cohn v. C. P. R. R. Co., 71 Cal. 488, wherein Jenkins v. Cal. Stage Co. was reaffirmed; and wherein it was also decided that, as the suit was not commenced in any one of the counties designated in section 16, article 12, of the constitution, the defendant was entitled, upon its motion and a proper showing, to have the place of trial changed to the county of its principal place of business; and this decision is expressly based upon section 16 of article 12 of the constitution and the authority of the case of Cal. S. R. Co. v. S. P. R. R. Co., 65 Cal. 394, and therefore furnishes a sufficient answer to the point made by counsel for petitioner, to the effect that the remedy by motion for change of venue was not available to the petitioner, for the reason that the superior court had no jurisdiction, even to hear or determine such motion, or any other except his motion to dismiss.
In Lewis v. S. P. C. R. R. Co., 66 Cal. 209, the defendant corporation, whose principal place of business was in *498 the city and county of San Francisco, was sued in the county of Santa Clara for damages on account of a personal injury, and moved for a change of venue to San Francisco. It was held that this motion was properly denied, because section 16 of article 12 authorizes such a suit to be commenced in the county where the liability arose as well as in the count' of the principal place of business of the corporation, and is not limited to actions ex contractu,; and for the purpose of ascertaining the meaning of this section the court considered the reported proceedings of the constitutional convention. By this decision it is settled that where a corporation is sued in any one of the counties, mentioned in this section, it cannot demand a change ti-f venue, as matter of absolute right, but only “as in other cases,” and for other reasons than that the county in which the action is commenced is not the proper county.
2. It is contended by counsel for- petitioner that, inasmuch as the petitioner is a national banking association, incorporated under the law of Congress, a stace court, outside of the county o-r city in which, it is located, has no jurisdiction of an action against it of. the character of the action in question here. (U. S. Rev. Stats., sec. 5198.)
I do not think this point should be sustained. An able discussion of all the points involved in it may be found in the analogous case of Claflin v. Houseman, 93 U. S. 130, wherein the conclusions seem to be adverse to the position of the learned counsel for the petitioner here.
In Casey v. Adams, 102 U. S. 66, the defendant objected to the jurisdiction of a state court of the state of Louisiana, “upon the ground that a national bank cannot be sued in a state court, except in the county or parish in which it is located.” There was no question as to the truth of the alleged facts constituting the grounds of the objection. The state court overruled the *499 plea, and the supreme court of the United States affirmed the judgment. It is true that the supreme court remarked that it thought section 5198 of the Revised Statutes “ relates to transitory actions only, and not to such actions as are by law local in their character”; but this remark was irot necessary to the decision, and there is nothing in section 5198 relating to the distinction between local and transitory actions.
So far as it relates to the courts in which national banks may be sued, this section is as follows: “That suits, actions, and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in an3 state, county, or municipal court in the count\ or city in which said association is located having jurisdiction in similar cases.”
The onty other part of the national banking law touching this question is the fourth division of section 5136, which provides that such associations “shall have power .... 4. To sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons.” This, of itself, would authorize suits by and against them in any state court having jurisdiction of the subject-matter. (Bank v. Deveauz, 5 Cranch, 61.)
It seems probable that it was the intention of Congress, by sections 5136 and 5198, to confer jurisdiction of all actions and proceedings by and against national banks upon state courts having jurisdiction, by state laws, in similar eases; and this must be the result, according to the principles laid down in Claflin v. Houseman, 93 U. S. 130, since such jurisdiction is not excluded by an3r express provision. After noticing the elaborate discussions of this question, Mr. Justice Bradley (page 136) says: “But tbs result of these discussions has, in our judgment, been, as seen in the above cases, to affirm the jurisdiction (of the state courts) where it is not *500 excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case. When we consider the structure and true relations of the federal and state governments, there is really no just foundation for excluding the state courts from all such jurisdiction.”
After illustrating this principle at considerable length, the learned justice arrives at the conclusion “that the assignee in bankruptcy, under the bankrupt law of 1867, as it stood before the revision, had authority to bring suit in the state courts wherever those courts were invested with appropriate jurisdiction suited to the nature of the case.”
Nor is there anything in the distinction between transitory actions and local actions which should affect the application of sections 5136 and 5198 of the United States Revised Statutes, or of the principles announced in Claflin v. Houseman, 93 U. S. 130, except, perhaps, when local actions are purely in rem, and therefore require no actual service of process upon any person, natural or artificial. Actions to enforce mortgages and other liens upon real property, and actions to condemn real property for public use,'are actions against the owners of the property, of whose persons the court must acquire jurisdiction by actual service of process before it can render any judgment affecting their property rights. Beside, in the United States generally, and particularly in this state, the distinction between local and transitory actions, so far as any consequence attends it, depends entirely upon statutory law, which is not necessarily nor actually uniform throughout the states, and does not coincide with or depend upon the distinction between actions in rem and actions in personam. Then again, all those large classes of actions which are said to be quasi in rem require jurisdiction of the individual persons interested, and most of them are prosecuted without any seizure of the thing.
*501 From the foregoing considerations I conclude: 1. That the superior court of San Joaquin County had jurisdiction of the person of the defendant, having acquired it by service of summons; 2. That, upon the showing made here, San Joaquin County was not the proper county in which to commence the action of White and Thomas against the petitioner; and 3. That a motion by the petitioner for a change of venue, according to the provisions of the Code of Civil Procedure, was a plain, speedy, and adequate remedy, in the ordinary course of law, for the error and wrong of commencing the action in an improper countjL
I therefore think that the writ should be discharged.
Belcher, C. C., and Hayne, C., concurred.
The Court.
For the reasons given in the foregoing opinion, the writ is discharged.
Rehearing denied.