[No. 18212.   Department Two.—March 28, 1894.]

# N. M. TREZEVANT, Respondent, v. W. R. STRONG COMPANY, Appellant.

Change of Place of Trial—Residence of Corporation—Place of Incurring of Liability.—The place of residence of a corporation is in the county where it has its principal place of business; but a corporation defendant cannot insist upon a change of the place of trial to the place of its residence, where it has been sued in the county where its liability arose.

Id.—Construction of Constitution—Election of Plaintiff.—Section 16 of article XII of the constitution cannot be construed as giving to a corporation defendant the same right to have a personal action against it tried in the county of its residence as that which belongs to a natural person who is the defendant; but it gives to the plaintiff the right to elect either to sue the corporation in the county where the contract is made, or is to be performed, or where the obligation or liability arises, or the breach occurs, or in the county where the principal place of business is situated, subject to the power of court to change the place of trial as in other cases, for some other reason than that of residence.

Appeal from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Stanton L. Carter*, and *Johnson, Johnson & Johnson*, for Appellant.

The defendant corporation had a statutory right to have the case transferred to the county of its residence, which was the county of its principal place of business. (Cal. Const., sec. 16, art. XII; *Jenkins* v. *California Stage Co.*, 22 Cal. 538; *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488; *Fresno Nat. Bank* v. *Superior Court*, 83 Cal. 491; *Buck* v. *City of Eureka*, 97 Cal. 135; *McSherry* v. *Pennsylvania Con. Gold Min. Co.*, 97 Cal. 637.)

*J. P. Meux*, for Respondent.

De Haven, J.—This is an appeal by the defendant from an order denying its motion for a change of venue from

the county of Fresno to the county of Sacramento. The defendant is a corporation, and its principal place of business is in the county of Sacramento. The action is one to recover the value of merchandise alleged to have been sold and delivered to the defendant by the plaintiff, and it was admitted, upon the hearing of the motion in the superior court, that the liability of defendant accrued in the county of Fresno, where the action was commenced. The motion of the defendant for a change of the place of trial to the county of Sacramento is based solely upon the ground that its residence is in that county, within the meaning of section 395 of the Code of Civil Procedure, and that under that section it is entitled to have the action tried in the county of its residence.

It must be conceded that the defendant, being a corporation, its place of residence is in the county of Sacramento, where it has its principal place of business. (*Jenkins* v. *California Stage Co.*, 22 Cal. 537; *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488; *Buck* v. *City of Eureka*, 97 Cal. 135.) It will thus be seen that the question presented for decision is whether a corporation which is sued in a county other than that in which it has its principal place of business, but where its liability arose, has the absolute right under section 395 of the Code of Civil Procedure to have the action tried in the county of its residence.

Section 16, article XII, of the constitution of this state declares: "A corporation or association may be sued in the county where the contract is made, or is to be performed, or where the obligation or liability arises, or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

It is argued upon the part of the defendant here that the right of a plaintiff to sue a corporation in any other county than that of its residence is, by the last clause of the

section of the constitution just quoted, made "subject to the power of the court to change the place of trial, as in other cases," and as, under section 395 of the Code of Civil Procedure, a natural person who is a defendant has the right to have a personal action against him tried in the county where he resides, the same right is secured by the constitution to a defendant corporation when sued upon a personal demand. The constitution, however, can receive no such construction. That instrument in the section above quoted gives to a plaintiff the right to sue a corporation in either of the counties therein referred to, and the option thus given includes something more than simply the bare right to choose the county where the complaint shall be filed in the first instance, and confers upon a plaintiff the right also to prosecute such action in the county where it is commenced, unless the place of trial is changed for some other reason than that of the residence of defendant.

It was held in *Lewis* v. *South Pacific Coast R. R. Co.,* 66 Cal. 209, that an action against a corporation to recover damages for injuries sustained was properly tried in the county where the injury was inflicted, and that the defendant corporation had no right to have the place of trial changed to the county of its principal place of business; and the principle upon which the case was necessarily decided is really decisive of the question involved here. In defining the scope of the decision in that case, it was said by this court, in *National Bank* v. *Superior Court*, 83 Cal. 498: "By this decision it is settled that where a corporation is sued in any one of the counties mentioned in this section, it cannot demand a change of venue as matter of absolute right, but only as in other cases and for other reasons than that the county in which the action is commenced is not the proper county." It seems entirely clear to us that the motion of defendant for a change of venue was properly denied, and that the right claimed by it is inconsistent with the right given the plaintiff to sue in

the county where defendant's liability arose, if he elected so to do, rather than in the county of defendant's resi-dence.

Order affirmed.

FITZGERALD, J., and MCFARLAND, J., concurred.