[S. F. No. 3573.   In Bank.—February 7, 1907.]

GROCERS' FRUIT GROWING UNION, Respondent, v. KERN COUNTY LAND COMPANY, Appellant.

Venue—Real Action—Specific Performance by Purchaser—Conveyance of Title—Incidental Accounting.—An action by a purchaser for a specific performance of a contract for the sale of land, and to compel a conveyance under an allegation that the purchase price has been paid, pursuant to agreement, from the proceeds of sales of fruits and lands made by defendant, for which proceeds an accounting is sought, with judgment for a surplus alleged, is in its nature

an action to determine a right or interest in real property under subdivision 1 of section 392 of the Code of Civil Procedure, which, wherever commenced, must be tried, upon demand by the defendant, in the county where the land is situated. The accounting of profits to determine payment of the purchase money and to obtain judgment for any surplus, is merely incidental to the real cause of action and relief sought, and does not change the nature of the action.

ID. — RIGHT OF CORPORATION TO CHANGE VENUE — PROTECTION UNDER FOURTEENTH AMENDMENT—CONSTRUCTION OF STATE CONSTITUTION AND LAW.—The right of a corporation sued in the county of its principal place of business, pursuant to subdivision 16 of article XII of the state constitution, "subject to the power of the court to change the place of trial, as in other cases," to have the venue of an action to compel a conveyance therefrom changed to the county where the land is situated, under subdivision 1 of section 392 of the Code of Civil Procedure, is to be viewed in the light of the fourteenth amendment to the federal constitution, which insures to corporations and individual persons equal protection under state laws.

ID.—PLACE OF COMMENCEMENT OF ACTION—PLACE OF TRIAL.—An action for specific performance is not an action "for the recovery of the possession of" or "quieting the title to real estate," which is required under section 5 of article VI of the constitution to be commenced in the county where the land is situated. Such action is only required to be tried in the county where the land is situated. It may still be commenced in the county of the principal place of business of a corporation defendant, and the right remains to the corporation to have the place of trial changed to the county where the land is situated, under subdivision 1 of section 392 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the City and County of San Francisco, refusing to change the place of trial of an action. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen, Harding & Knight, and W. S. Barnett, for Appellant.

Edwin L. Forster, Robert R. Moody, and F. T. Poore, for Respondent.

HENSHAW, J.—This action was commenced in the city and county of San Francisco. Defendant appeared, and upon filing its demurrer made demand and moved the court that the place of trial of the action be changed from the city and

county of San Francisco to the county of Kern. The motion for a change of venue was denied, and defendant takes this appeal, contending,—1. That the action is one for the specific performance of a contract to convey lands, which lands are admittedly situated in the county of Kern; that under section 5 of article VI of the constitution of this state the superior court of San Francisco had no jurisdiction over the action for that it should have been *commenced* in the county of Kern; and 2. That the action is strictly one within the letter and the spirit of section 392 (subd. 1) of the Code of Civil Procedure, and should therefore have been transferred to the county of Kern for *trial.* In this connection it is urged and argued that if the proposition be advanced that section 16 of article XII of the constitution warrants the commencement of the action in the city and county of San Francisco, and forbids to defendant its right to change the place of trial, then this clause of our constitution is violative of the fourteenth amendment to the constitution of the United States in denying to corporations the right to have an action affecting an interest in real estate tried in the county where the land is situated, while this right is accorded to natural persons.

The respondent insists that the action is brought under section 395 of the Code of Civil Procedure; that it is of the class where real and personal actions are joined in the same complaint, and, upon the authority of *Smith* v. *Smith,* 88 Cal. 572, [26 Pac. 356], and other cases of similar import, must be tried in the county of defendant's residence; that as the city and county of San Francisco is the principal place of business of the corporation defendant, it is its residence within the purview of this section; and that the action was therefore commenced and should be tried before the superior court of that county. Resting its case upon this proposition, respondent has declined to discuss the constitutional questions advanced by appellant.

It thus becomes necessary to determine the true character of this action as disclosed by the complaint. Plaintiff charges that defendant was the owner of certain lands in the county of Kern, and that plaintiff and defendant entered into written contracts for the purchase and sale of these lands, the purchase price being thirty-five thousand dollars, to be paid in installments at specified periods of time. Plaintiff under

the terms of these agreements entered into possession of the lands and cultivated them, planting large quantities of fruit-trees, erecting substantial improvements, and thereby greatly increasing the value of the property. These contracts, it is averred, were entered into in writing "between the third day of June, 1893, and the first day of January, 1897." It is then averred that on the sixth day of March, 1899, the plaintiff and defendant entered into an agreement in writing, which is set forth in full in the complaint. That agreement recited the making of the earlier contracts above noted, the taking possession of the lands by plaintiff herein, the planting of fruit-trees with the object of selling the improved lands "in small tracts." The agreement further declared that the Grocers' Fruit Growing Union is in default in a large amount, and that the sum of $39,448.75 will be due on November 1, 1899, from the Grocers' Fruit Growing Union to the Kern County Land Company, and that the Grocers' Fruit Growing Union is unable to pay this money. Moreover, that it is without financial ability to carry on the business or to cultivate the orchard, to prune the trees, gather and handle the crop, and that it is desirous of obtaining financial assistance from the defendant to enable it to do these things. It was therefore agreed that the defendant would advance to plaintiff moneys sufficient to enable it to carry on its undertaking, and plaintiff agreed upon its part to cultivate, take care of and handle the fruit crop and the lands, and sell and market the same through the defendant; that it would sell the orchard lands, if opportunity presented, the sales always to be subject to the approval of the defendant, and the proceeds of the fruit crop and of the sale of lands should be applied, first, to the repayment of moneys advanced by defendant, and, second, towards the extinguishment of the indebtedness due on account of the original contracts for the purchase and sale of the lands, together with interest. Plaintiff further agreed that on or before the first day of November, 1899, it would pay the sum of thirty thousand dollars in addition to the repayment of the advances which might be made by defendant as full payment of the purchase price of the lands, and agreed that if it was unable to pay or failed to pay by that date all sums of money that should have been advanced to it, together with the sum of thirty thousand dollars in satisfaction

of the indebtedness due from it, it would, on the first day of November, 1899, execute and deliver to defendant a good and sufficient deed of conveyance of all the lands, and peaceably quit and surrender possession thereof and surrender and cancel the contracts for the purchase of the lands, and deliver to the defendant all the personal property of every nature and kind on the said lands, and execute a bill of sale for the personal property; that it would also assign all contracts that it might then have with any person for the sale of any of the lands, or otherwise, and all obligations that it might then have or hold from any person or persons for the payment of any sum of money on account of the sale of the lands. Time was declared to be of the essence of the contract.

As to the transactions following this agreement, it is alleged that before the first day of November, 1899, the president of defendant corporation urged the plaintiff corporation to make the deed and bill of sale referred to in the agreement, "saying and representing that the plaintiff had not performed and could not perform its said agreement, and that this would avoid litigation, and that the plaintiff corporation could afterwards have all the time it wanted to make the thing right, and that the defendant corporation would help it." It is next averred that "thereafter and in the month of November, 1899, the plaintiff corporation acting upon and pursuant to all of the aforesaid statements and representations, and believing them to be true and made in good faith, executed to defendant corporation its deed to said lands and its bill of sale of all of its personal property in the manner specified in said agreement of March 6, 1899, and that had it not been for said statements and representations, said plaintiff corporation would not have executed said deed or bill of sale, or either of them, that in truth, by reason of the failure and neglect of the defendant corporation to account to the plaintiff corporation for moneys received by it from sales of crops and lands and moneys advanced by it, as hereinafter alleged, plaintiff was in ignorance of its financial standing and ability to perform its said agreement, and that by reason of its being so kept in ignorance, was induced to rely and act upon said statements and representations." It is then alleged that the original agreements of sale were never rescinded, extinguished, or canceled, but have remained and

still remain in full force and effect; that the agreement of March 6, 1889, ''was executed solely for the purpose of fixing the amount of the indebtedness then due and as a further security therefor, and of arranging means of settlement and enforcement in the event that said indebtedness should not eventually be paid.'' It is further alleged that the deed and bill of sale executed by plaintiff to defendant in November, 1899, were understood and intended to operate by way of mortgage and further security. Next it is averred that demand had been made upon the defendant before as well as after the execution by plaintiff of its deed and bill of sale in November, 1899, for an accounting of the proceeds of the sales of the fruit crop, of the advances by defendant to plaintiff and of the sales of the lands, but that defendant has neglected and refused to make such accounting. Upon information and belief the plaintiff then alleges the fact to be that by the receipts of the proceeds of the sale of fruits and lands the advances of the defendant and the indebtedness on account of the purchase of the lands have been fully paid, and that there is an excess or surplus of moneys over and above such indebtedness due from the defendant to plaintiff. By reason of which ''plaintiff is entitled to an accounting by the defendant, and thereupon to a judgment against the defendant for the transfer and reconveyance of said real and personal property, and to a judgment for the surplus or excess of said proceeds from said sales above the amount necessary to discharge said indebtedness and advances, and for interest on such surplus or excess,'' and the prayer of the complaint is for an accounting; that upon the accounting it be adjudged that the indebtedness and advances have been fully paid and discharged, and that plaintiff have judgment against defendant for any surplus or excess; that the court adjudge that the agreements of sale have never been rescinded, executed, or canceled, and are in full force and effect; and that defendant be ordered and directed to execute and deliver to plaintiff due and legal conveyances of the real property in fee simple absolute, and due and legal transfers of all personal property.

Stripped to its essentials, this is simply an action for the specific performance of a contract for the sale of land under an allegation that the purchase price has been paid. If it be

conceded that the right to an accounting is sufficiently plead-
ed, that accounting is but an incident in the transaction. It
goes merely to the establishment of the proposition as to
whether or not the consideration has been paid. That the
alleged collections made by defendant exceed the amount due
from plaintiff does not in any sense change the character of
the action, even though, upon proof being made, plaintiff
would be entitled to a personal judgment for the excess. In
any action for specific performance when the matter in dis-
pute is the payment or non-payment of the purchase price an
accounting may be necessary, and if necessary will be or-
dered, such being clearly within the power of a court under
our system where equitable and legal functions are exercised
by the one tribunal. But such an accounting in no way
changes the cause of action. This case is in all essentials like
that of *Bush* v. *Treadwell,* 11 Abb. Pr. (N. S.) 27. That was
an action brought in Monroe County to have the title to cer-
tain real estate in the city of New York declared to be in
plaintiff on the ground that the deed conveying the title to
defendant was a mortgage, for a conveyance of the property
to plaintiff, and for an accounting by defendant of the rents,
issues, and profits. Defendant made a motion for change of
the place of trial from Monroe County to the county of New
York under section 123 of the New York code, from which our
section 392 of the Code of Civil Procedure is taken. It was
there urged in resisting the motion that the cause of action
was transitory and not local, that section 123 of the New
York code related to actions of legal cognizance only, and
that the present action was in equity; that the relief sought
was an accounting by the defendant, that the accounting
might show advances beyond the value of the trust estate, in
which case no land would be transferred or conveyed, that
land was not the primary object of the action, and that the
fact that land might be affected by the determination was
not sufficient to entitle the defendant to a change of the place
of trial. The court of appeals declared that the action was
for the recovery of an interest in real property, and for the
determination of such an interest, "and the statute declared
in plain language that where such an action is brought it is
local, and that this shall be so without regard to the form in
which the determination is sought." So here, while the pro-

ceeding may necessitate an accounting, the relief sought is a conveyance of the land. And if it should be determined that a payment in excess of the consideration had been actually made, the personal judgment which would follow for plaintiff would, as in *Bush* v. *Treadwell,* be but incidental to the real cause of action and relief sought. *Smith* v. *Smith,* 88 Cal. 572, [26 Pac. 356], upon which respondent most strongly relies, was vitally different in character. In that case personal property consisting of twenty-six thousand sheep, with horses, wagons, harness, and camp equipage, together with real estate in Tuolumne and Merced counties, was by conveyance absolutely transferred to the defendant. Plaintiff sought in that action to have the transfer declared to be a mortgage, and alleged that the property so mortgaged had earned and paid funds more than enough to extinguish the mortgage indebtedness, and thus sought an accounting, a personal judgment for the excess, and a reconveyance of the property transferred. Here the cause of action was plainly twofold, and twofold owing to the very nature of the original transaction. It was transitory and personal as to the accounting for the vast amount of personal property which had been conveyed. It was local as affecting the title to the land. That action was commenced in the county of Tuolumne against the defendant, who was a resident of the county of Merced, and who, because of the nature of the action, was insisting upon his right to have the place of trial changed to the county of his residence, in which contention this court held that he was right because of the clear joinder of an action local with one which was transitory, the venue for the trial of such an action being the county of the defendant's residence. But here we have an action strictly local in character, clearly affecting the title to land, the gist of the action being specific performance of a contract for the conveyance of land, the principal relief which is sought being a conveyance of the land, and the defendant is asking that the place of trial be changed to the county where the land is situated.

It having been determined that in its character this action is local, it will not be questioned that in this regard it is one of those actions provided for by section 392 (subd. 1) of the Code of Civil Procedure. It is an action for the determination of a right or interest in real property. Such an action,

as the above-cited section of the code declares, must be tried in the county where the land is situated. Since the legislature has decreed that all such actions must be tried in the county in which the land is situated, the test thus is made the subject-matter of the action. Where the subject-matter of the action—to wit, land—is made the test for fixing the place of trial of the action, no reason or distinction appears, or can be made to appear, why the right should be given to a natural person to have such an action tried in the county where the land is situated, and the same right should be denied to an artificial person, a corporation. In *State* v. *Hayes,* 81 Mo. 574, it is held that the provisions in regard to the venue of an action involve rights in respect to which the fourteenth amendment of the constitution of the United States forbids arbitrary discrimination. That the discrimination is arbitrary and rests upon no logical or rational distinction seems too plain to permit of debate or to call for elaborate consideration. No conceivable ground can be suggested why a natural person should have the right of trial of an action involving an interest in land in the county where the land is situated, and the same right should be denied to a corporation. If the situation were reversed the absurdity would be patent. A law which granted to a corporation the right and denied it to a natural person would be held arbitrarily discriminative without a moment's hesitation. Yet it must be recognized that a refusal to change the place of trial in such a case as this has been sanctioned in *Miller* v. *Kern County Land Co.* 134 Cal. 586, [66 Pac. 856], and *Miller* v. *Kern Land Co.,* 140 Cal. 132, [73 Pac. 836]. The justification was based upon the language of section 16 of article XII of our constitution. That section provides that "A corporation . . . may be sued in the county . . . where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases." In those cases it was held that the constitution could fix the place of trial of actions against corporations, and that having so fixed it in the county of the principal place of business of the corporation, the force of this constitutional provision could not be impaired by any legislative enactment fixing the place of trial as to natural persons in other places, since that would be in effect to allow a legislative enactment to modify

and control a constitutional provision.  Of the soundness of
the determination in this case, so far as concerns the points
which were presented· and determined, there can be no ques-
tion, but the particular proposition here and now advanced—
namely, that such a construction of the law works a violation
of defendant's right under the fourteenth amendment of the
constitution of the United States—was not presented to this
court for consideration.  Being now so presented, since the
supreme court of the United States has repeatedly decided
that corporations are within the protection of that amend-
ment, the question must be considered in the light of this claim
of right.

It has already been said that no valid reason can or has
been shown why a distinction in the place of trial should be
made, and the distinction has been supported solely upon the
authority of the language of our constitution.  Since it is
beyond question that the constitution of this state cannot be
made to yield to the force of any legislative enactment, it
would follow that if there were no way of harmonizing the
provisions of section 392 of the Code of Civil Procedure and
section 16 of article XII of our constitution, the necessary re-
sult of a conflict would be that the former would fall.  But
upon the other hand, if reasonably possible, a harmonious
adjustment of the two provisions will be found.  The · lan-
guage of the constitution itself presents a ready solution of
the difficulty.  It declares that corporations may be sued in
the county of their principal place of business, *"subject to the*
*power of the court to change the place of trial, as in other*
*cases."*  As the power of the court to change the place of
trial rests entirely upon legislative enactment, it follows that
here in the constitution itself is a distinct permission to the
courts to change the place of trial in accordance with legis-
lative enactment.  The constitutional provision is therefore
as though it had read, "Any and all actions may be com-
menced against corporations in the county of the principal
place of business of the corporation, provided, however, that
the courts may change the place of trial of such actions in ac-
cordance with the laws governing such places of trial."  So
construed, all our laws touching change of venue and place
of trial become uniform and harmonious.  The right still re-
mains to a plaintiff to commence his action in the county of

the principal place of business, and the right remains to the corporation to have the place of trial changed under exercise of the court's power in enforcing the legislative enactments in regard thereto.

It follows herefrom that the defendant was entitled to have the place of trial of the action changed to Kern County under the provisions of section 392 (subd. 1) of the Code of Civil Procedure. We have not in the foregoing overlooked the language of this court in *Lewis* v. *South Pacific Coast R. R. Co.,* 66 Cal. 209, [5 Pac. 79], where in a single sentence it is said, referring to the section of the constitution which has been under consideration, "Nor are we able to see wherein the provision of the state constitution in question conflicts with the provision of the fourteenth amendment to the constitution of the United States." But this declaration cannot be considered as authority. It was given in 1884, at a time when this court had held that corporations were not persons within the meaning of the fourteenth amendment to the constitution of the United States, and were, therefore, not within the protection of that amendment. (*Central Pacific R. R. Co.* v. *State Board of Equalization,* 60 Cal. 35.) It was not until 1886 that the supreme court of the United States first declared corporations to be entitled to the protection of that amendment. (*Santa Clara County* v. *Southern Pacific R. R. Co.,* 118 U. S. 394, [6 Sup. Ct. 1132]; Guthrie on the Fourteenth Amendment, p. 53.) The language of this court in *Lewis* v. *South Pacific Coast R. R. Co.,* 66 Cal. 209, [5 Pac. 79], while sustainable in the then condition of the law, can, in the light of the subsequent decisions of the supreme court of the United States, no longer be supported.

Appellant's reliance upon section 5 of article VI of the constitution, which provides that "all actions for the recovery of the possession of" or "quieting the title to . . . real estate, shall be commenced in the county in which the real estate . . . is situated," is not well founded. It may not be said that this is an action either for the recovery or possession or for quieting title to real estate.

For the foregoing reasons the order refusing a change of venue of the action is reversed.

Lorigan, J., McFarland, J., Shaw, J., and Angellotti, J., concurred.