[Civ. No. 496. First Appellate District.—August 16, 1909.]

## S. BLOOM, Appellant, v. MICHIGAN SALMON MINING COMPANY, a Foreign Corporation, and J. D. GRANT, Respondents.

CHANGE OF PLACE OF TRIAL—APPEAL—MOTION BY CODEFENDANT TO DISMISS—SETTLEMENT—INSUFFICIENT SHOWING.—Upon appeal from an order changing the place of trial at the request of one defendant alone, where the corporation codefendant moved to dismiss the appeal upon the ground that the plaintiff and the other defendant had agreed to settle the litigation between themselves, and that the question had become moot, such motion cannot be granted, where there is no showing that the agreement was consummated by payment, but it appears that the corporation was to be released, and that the plaintiff appealing is seeking relief against both defendants.

ID.—MERITS NOT TO BE CONSIDERED.—The merits of the appeal cannot be considered upon a motion to dismiss the appeal; nor can it be decided upon the motion to dismiss whether a settlement between the other parties would of itself be effectual to release the corporation defendant, which is not a party to the settlement.

ID.—ERRONEOUS ORDER—APPLICATION BY ONE DEFENDANT—RESIDENCE OF CODEFENDANT NOT SHOWN.—An order changing the place of trial upon the application of one defendant alone, without any showing in the record as to the residence of a codefendant against whom relief is demanded is erroneous, and must be reversed.

ID.—BURDEN UPON MOVING PARTY.—The burden was upon the moving party to show that none of the defendants are residents of the county in which the action was brought.

ID.—RESIDENCE OF CORPORATION—PRINCIPAL PLACE OF BUSINESS.—The principal place of business of a corporation is the residence within the meaning of the code as to change of the place of trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco changing the place of trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

S. Bloom, and L. W. Juilliard, for Appellant.

James M. Allen, and James C. Sims, for Respondents.

COOPER, P. J.—This action was brought for the purpose of dissolving a copartnership alleged to exist between the plaintiff and the defendant Grant, said partnership being in regard to the ownership, working and development of the Red Hill and Cash hydraulic placer mines, situated in Siskiyou county, and to have it adjudged that the contract made by said Grant with the defendant corporation (under which the corporation is alleged to be in possession of the mining property, and claiming to own the same, and is alleged to be working same) is void as to this plaintiff, and that the said corporation be required to account for the value of all the minerals extracted by it from the said mine. The complaint prays that a receiver be appointed, and that it be decreed that the contract made between defendant Grant and the defendant corporation is void.

On motion of defendant Grant, accompanied by a demand and affidavit of merits as to Grant, the place of trial of the action was ordered changed from the city and county of San Francisco to the county of Sonoma, that being the county in which said Grant resides and in which he resided at the time of the commencement of the action. This appeal is from the order changing the place of trial to Sonoma county.

Defendant Michigan Salmon Mining Company moved to dismiss the appeal, on the ground that the appeal now presents only a moot question, because the plaintiff has set-

tled with defendant Grant. The notice is accompanied by a copy of an agreement made between plaintiff and defendant Grant, dated December 10, 1906, by the terms of which it appears that upon the payment of the sum of $375 to plaintiff by defendant Grant at the times and in the manner specified by said contract, the plaintiff will release defendant Grant from all claims and demands of every kind, including the matters embraced in said litigation.

It is not made to appear, by affidavit or otherwise, that defendant Grant has ever paid to the plaintiff the said $375, or any part thereof. It is further expressly stated in said agreement that the plaintiff reserves all rights against the defendant corporation. If the complaint is true, the plaintiff is entitled to relief against the corporation. But be this as it may, we cannot decide the merits of the controversy, nor as to whether or not the settlement with Grant would of itself release the defendant corporation, on this motion to dismiss the appeal. The plaintiff is seeking relief against both defendants. The allegations in regard to the agreement of settlement are as to one defendant. The motion is therefore denied.

As to the order changing the place of trial, the record does not show anything as to the place of residence or the principal place of business of the defendant corporation; nor is there any affidavit of merits made by or on behalf of said corporation. So far as the record shows, the defendant corporation may have no defense to the said action on its merits. The burden was upon the moving party to show that none of the defendants are residents of the county in which the action was brought. (*Hearne* v. *De Young,* 111 Cal. 376, [43 Pac. 1108].) The principal place of business of a corporation is its residence within the meaning of the code as to the change of place of trial. (*Jenkins* v. *California Stage. Co.,* 22 Cal. 538; *Cohn* v. *Central Pacific R. R. Co.,* 71 Cal. 489, [12 Pac. 498]; *McSherry* v. *Penn. C. G. M. Co.,* 97 Cal. 641, [32 Pac. 711].)

The order is therefore reversed.

Kerrigan, J., and Hall, J., concurred.