[Civ. No. 565.   Third Appellate District.—September 1, 1909.]

## J. C. KROGH, Respondent, v. PACIFIC GATEWAY AND DEVELOPMENT COMPANY, a Corporation, Appellant.

CHANGE OF PLACE OF TRIAL—TRANSITORY ACTION AGAINST CORPORATION —PRINCIPAL PLACE OF BUSINESS—RESIDENCE OF CORPORATION.— The residence of a domestic corporation is at its principal place of business; and when it is sued in a transitory action in a county other than its principal place of business it has the right, when it appears and demurs, to demand a change of the place of trial to the county where it has its principal place of business, if no other ground for retaining the action appears.

ID.—SUIT FOR DAMAGES FOR FRAUD OF AGENT IN SALE OF STOCK—TRANSITORY ACTION.—An action to recover damages for the false and fraudulent representations alleged to have been made by the authorized agent of defendant in the county of the original venue, relating to the sale of certain shares of stock in defendant corporation, is a personal or transitory action, within the provisions of sections 395 and 397 of the Code of Civil Procedure as to change of place of trial.

ID.—INAPPLICABILITY OF CONSTITUTIONAL PROVISIONS.—Where it cannot be said, from any facts set forth in the complaint, that the contract involved was made, or was to be performed, or that the alleged liability arose, or breach occurred in the county where the action was commenced, the provisions of section 16 of article XII of the constitution as to suability of corporations, in those cases, are

inapplicable; and the provision for action at its principal place of business is the only provision which here applies, that fact being shown by the affidavit and demand for change of the place of trial.

APPEAL from an order of the Superior Court of Fresno County refusing to change the place of trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Ashley & Neumiller, and Everts & Ewing, for Appellant.

Cartwright & Cashin, for Respondent.

CHIPMAN, P. J.—Defendant is a corporation organized under the laws of this state and its principal place of business is the city of Stockton, San Joaquin county. The action was commenced in the superior court of the county of Fresno. Defendant appeared and, at the time of filing its demurrer, filed an affidavit of merits and made demand and moved the court that the place of trial be changed from Fresno county to San Joaquin county. The motion was denied and defendant appeals from the order.

The action was commenced to recover damages for the false and fraudulent representations alleged to have been made by the authorized agent of defendant in the county of Fresno, relating to the sale of certain shares of the defendant corporation to plaintiff whereby he was damaged. The action is clearly a personal or transitory action. It does not fall within the provisions of either sections 392, 393 or 394, Code of Civil Procedure, but does come within the provisions of section 395 of that code which provides that "in all other cases, the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action." Where commenced in the wrong county the place of trial may be changed in the cases mentioned in section 397, as here, "when the county designated in the complaint is not the proper county."

The principal place of business of a corporation is its residence. (*Cohn* v. *Central Pac. R. R. Co.,* 71 Cal. 488, [12 Pac. 498]; *Buck* v. *City of Eureka,* 97 Cal. 135, [31 Pac. 845]; *Trezevant* v. *Strong Co.,* 102 Cal. 48, [36 Pac. 395].) The

complaint alleges that in the month of January, 1906, in the county of Fresno, the defendant by its authorized agent, one Abrams, represented to plaintiff that defendant had entered into a contract with said Abrams and one Brandt whereby, upon the payment of a certain sum of money to Abrams and Brandt, they would transfer to defendant certain valuable oil-bearing lands situated in San Benito county; that Abrams and Brandt and certain other persons had each subscribed for 25,000 shares of defendant corporation and had each paid to defendant the sum of $5,000 therefor, and that the money so paid would be used to pay Abrams and Brandt for said land; that should plaintiff purchase 25,000 shares and pay $5,000 therefor, the money so paid would be applied, together with the money paid by the other said subscribers, in the purchase of said land, and that defendant would thereupon proceed to develop said property by sinking wells, etc.; that "plaintiff, believing said representations and relying thereon, in the belief that they were true, thereafter subscribed for 25,000 shares of the capital stock of said corporation, and, on or about January 10, 1906, paid to said corporation therefor the sum of $5,000." Then follow averments showing that said representations were false and made to deceive plaintiff, and that in fact no money was paid to defendant except as paid by plaintiff, and that defendant has never acquired any oil land and has never developed any oil land; that said stock is of no value and that defendant "has never issued to plaintiff a certificate of said stock."

Section 16, article XII of the constitution provides as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." In *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488, [12 Pac. 498], it was held that "in an action against a corporation for damages for breach of contract, the defendant is entitled to a change of place of trial to the county in which its principal place of business is situated, when the county in which the action was brought is not the one in which the contract was made, or was to be performed, or in which the obligation arose, or

in which the principal place of business is situated.'' It cannot be said from any facts set forth in the complaint that the contract sued upon was made or was to be performed or that the alleged liability arose or that its breach occurred in Fresno county. But it does appear by the affidavit that the principal place of defendant's business is in San Joaquin county. The only contract shown by the complaint was made and was to be performed subsequently to the representations made at Fresno county. No obligation or liability or breach occurred at Fresno county so far as appears. The alleged representations made by Abrams may have induced plaintiff to subscribe for the stock and pay his money to defendant for the same, but this took place, as appears from the complaint, after the representations were made, and not until then did any obligation arise, and defendant's alleged breach occurred still later. In *Trezevant* v. *Strong Co.,* 102 Cal. 48, [36 Pac. 395], the construction placed upon the section of the constitution above quoted, in *Lewis* v. *South Pac. Coast R. R. Co.,* 66 Cal. 209, [5 Pac. 79], and *National Bank* v. *Superior Court,* 83 Cal. 498, [24 Pac. 157], was followed. It was held, as in *National Bank* v. *Superior Court,* that ''where a corporation is sued in any one of the counties mentioned in this section, it cannot demand a change of venue as matter of absolute right, but only as in other cases and for other reasons than that the county in which the action is commenced is not the proper county.'' But even as held in these early cases plaintiff has not brought himself within the provisions of the constitution, and defendant is entitled to a change of the place of trial under the last clause of the section. But if we are mistaken in this view of the facts as shown, still defendant is entitled to the same right in the matter as would be accorded to a natural person (*Grocers etc. Union* v. *Kern etc. Co.,* 150 Cal. 466, [89 Pac. 120]); and if defendant were a natural person there could be no doubt of its right in the case. *Lewis* v. *South Pac. Coast R. R. Co.,* 66 Cal. 209, [5 Pac. 79], was distinctly overruled in *Grocers etc. Union* v. *Kern etc. Co.,* in so far as it held that the provision of the state constitution is not in conflict with the provision of the fourteenth amendment of the constitution of the United States. In *Grocers etc. Union* v. *Kern etc. Co.* the right claimed was under section 392, Code of Civil Procedure, and

the court said: ''No conceivable ground can be suggested why a natural person should have the right of trial of an action involving an interest in land in the county where the land is situated, and the same right should be denied to a corporation.'' What is true of the rights of corporations arising under section 392 must be true of the rights of corporations arising under section 395. We see no escape from this conclusion.

Respondent has filed no brief in the case, from which we might infer that he concedes the correctness of appellant's position. Whether this be so or not, in fairness to the court respondent should have given us such assistance as he could if, after the appeal, he still believed the trial court was justified in denying the motion.

The order refusing a change of venue of the action is reversed.

Burnett, J., and Hart, J., concurred.