[No. 31, Crim. In Bank.—September 4, 1895.]

## IN THE MATTER OF WONG HANE ON HABEAS CORPUS.

MUNICIPAL ORDINANCE—POSSESSION OF LOTTERY TICKET—PRESUMPTION OF GUILT—CONSTITUTIONAL LAW.—A municipal ordinance declaring it unlawful for any person to have in his possession any lottery ticket unless it be shown that such possession is innocent or for a lawful purpose, assumes to overthrow the presumption of innocence, and to put upon the defendant the burden of showing that such possession was lawful or innocent; and such ordinance is a violation of constitutional rights and is invalid.

ID.—CONSTRUCTION OF ORDINANCE—PROOF OF CRIMINAL INTENT—TEST OF ORDINANCE—DEFINITION OF OFFENSE.—The clause of the ordinance declaring that the offense exists, unless it be shown that the possession of the lottery ticket was innocent or for a lawful purpose, cannot be disregarded, nor can the prosecution prove the criminal intent of the defendant, or show that his possession was not innocent or for a lawful purpose; but the ordinance is to be tested by its own terms, and the qualification is attached to the definition of the offense, and is of necessity required to be established by the defendant.

ID.—INSEPARABLE PROVISION.—No effect can be given to the ordinance by disregarding the qualifying clause; but the provisions of the ordinance are to be considered as a whole, and it cannot be assumed that the city council would have adopted the first clause of the ordinance without enacting the condition thereto, and the clauses must be regarded as inseparable, and not as independent.

HEARING in the Supreme Court upon writ of habeas corpus to the Police Court of the City of Los Angeles. M. T. Owens, Police Judge.

The facts are stated in the opinion of the court.

*M. G. Norton*, for Petitioner.

*W. E. Dunn*, for Respondent.

HARRISON, J.—The petitioner is held in confinement by the chief of police of the city of Los Angeles under a warrant of arrest issued by the police judge of that city upon a complaint charging him with the violation of a city ordinance, in that he did "willfully and unlawfully have in his possession, such possession being neither innocent nor for a lawful purpose, a certain tool, device, and paper used and intended to be used in

and for the contriving, setting up, preparing, and drawing a certain lottery." The ordinance under which the complaint is made is as follows:

"The mayor and council of the city of Los Angeles do ordain as follows:

"SECTION 1. It shall be unlawful for any person to have in his possession, unless it be shown that such possession is innocent or for a lawful purpose, any lottery ticket, or any ticket, certificate, paper, or instrument, purporting or representing, or understood to be or to represent, any ticket, chance, share, or interest in or dependent upon the event of any lottery; or any tool, instrument, stamp, or device used or intended to be used in or for contriving, preparing, making, writing, printing, stamping, or getting ready for sale or distribution any lottery ticket or tickets.

"SEC. 2. Any person who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding five hundred dollars, or be imprisoned in the city jail for a term not exceeding six months, or by both such fine and imprisonment."

The effect of this ordinance is to make proof of the mere possession of a lottery ticket a misdemeanor, and to place upon the defendant the burden of showing that his possession was lawful or innocent. The mere possession of a lottery ticket does not, however, of necessity involve the possessor in a crime. The ticket may be in possession of the court, or of one of its officers, to be used as evidence upon the trial of one charged with selling it. It may be in the possession of one who purchased it in a country which recognizes the right to traffic in lottery tickets, and who is merely passing through the city. The Penal Code of this state does not make the purchase of a lottery ticket an offense—the provisions of that code being directed against the selling of such tickets. By the very terms of the ordinance under consideration, it is assumed that the possession of the ticket may be lawful or innocent, and that in such case the

possessor is not guilty of a violation of the ordinance. The ordinance, however, throws upon the defendant the burden of proving his innocence, and by its terms, unless he shows that his possession is lawful or innocent, his mere possession of the ticket renders him liable to punishment. If there are any circumstances under which the possession of a lottery ticket may be lawful or innocent, a defendant who is charged with the offense of having such ticket in his possession is entitled to the presumption of innocence, and cannot be compelled to establish his innocence by affirmative proof. To the extent that the defendant is required to establish his innocence, the provisions of the ordinance violate his constitutional rights.

It is not sufficient to say that the prosecution may disregard this clause of the ordinance and itself make proof of the criminal intent of the defendant, or show that his possession was not innocent or for a lawful purpose. The ordinance is to be tested by its own terms. It has declared that the offense does not exist "unless it be shown that such possession is innocent or for a lawful purpose." Instead of enacting that the possession with a criminal purpose shall constitute the offense, the city council has industriously provided that the offense is established, unless the possession is shown to be with an innocent purpose. This is a qualification attached to the definition of the offense, and is of necessity to be established by the defendant, since, if it were shown by the prosecution, it would establish the innocence of the defendant, and therefore that no offense had been committed.

Nor can this clause in the ordinance be disregarded as being unconstitutional, and effect be given to the first part alone. The provisions of the ordinance are to be considered as a whole, and it is not to be assumed that the city council would have adopted the first clause without enacting the condition thereto. The connection of the two clauses by the conjunction "unless" shows that they are to be taken together, and that the

first clause does not by itself express the legislative will of the council.   It is well established that a statute may be in part constitutional, and in part unconstitutional, and, if the parts are wholly independent of each other, that which is constitutional may stand, while that which is unconstitutional will be rejected; but, as was said in *Poindexter* v. *Greenhow*, 114 U. S. 305: "These are cases where the parts are so distinctly separable that each can stand alone, and where the court is able to see and to declare that the intention of the legislature was that the part pronounced valid should be enforceable, even though the other part should fail. To hold otherwise would be to substitute for the law intended by the legislature one they may never have been willing by itself to enact." The same court also said in *Spraigue* v. *Thompson*, 118 U. S. 94, where it was sought to apply the rule to certain illegal exceptions in a statute of the state of Georgia: "The insuperable difficulty with the application of that principle of construction to the present instance is that, by rejecting the exceptions intended by the legislature of Georgia, the statute is made to enact what confessedly the legislature never meant.   It forces upon the statute a positive operation beyond the legislative intent, and beyond what any one can say it would have enacted in view of the illegality of the exceptions." (See, also, Cooley's Constitutional Limitations, 209–12; *Warren* v. *Charlestown*, 2 Gray, 84.)

As we can consider the ordinance only in the form in which it has been enacted, we must hold that it did not authorize the arrest of the petitioner.   The petitioner is, therefore, discharged.

Garoutte, J., McFarland, J., Henshaw, J., Van Fleet, J., and Temple, J., concurred.