[Crim. No. 623.   In Bank.—March 10, 1900.]

In re J. T. MURPHY, on Habeas Corpus.

MUNICIPAL ORDINANCE—GAMES PLAYED FOR MONEY—GENERAL DESCRIP-
TION—CONFLICT WITH STATUTE—EXCEPTIONS.—It is competent for a
city by ordinance to prohibit all games played for money which
are not specially denounced by the statute.   The fact that it in-
cludes, by way of general description, games prohibited by stat-
ute, as well as those not so prohibited, does not affect the valid-
ity of the ordinance; but all games so prohibited must be ex-
cluded from the operation of the ordinance.

ID.—GAME OF "KENO"—JUDICIAL NOTICE—HABEAS CORPUS.—The court
cannot judicially know how the game of "keno" is played, or
that it is a percentage game prohibited by section 330 of the
Penal Code; and a defendant convicted of playing that game
for money, in violation of a municipal ordinance, will not be re-
leased upon *habeas corpus*, where the lack of jurisdiction under
the ordinance is not made to appear.

ID.—COMMITMENT UNDER ORDINANCE—CITY JAIL—BRANCH COUNTY JAIL—
CUSTODY OF PRISONER.—A commitment for the violation of a munici-
pal ordinance to the city jail, which is also used as a branch
county jail, should properly be to the custody of the city mar-
shal, rather than to that of the sheriff; but where the defendant
was committed to the custody of the sheriff he will be remanded
upon *habeas corpus* to the custody of the sheriff, unless he in-
sists upon the custody of the marshal.

HABEAS CORPUS in the Supreme Court to the sheriff of
the county of Solano, to test the validity of a conviction under
an ordinance of the city of Vallejo, in the Justice's Court of
Vallejo Township.   O. B. Genty, Justice of the Peace.

The facts are stated in the opinion of the court.

Kierce & Gillogley, for Petitioner.

L. G. Harrier, for Respondent.

TEMPLE, J.—Petitioner was convicted of the offense of
gambling, which is prohibited by an ordinance of the city of
Vallejo.

The first point made by petitioner is that the ordinance is
void, because in conflict with section 330 of the Penal Code,
which prohibits and declares to be misdemeanors certain speci-
fied games of chance and all banking and percentage games.

The ordinance mentioned no particular game, but provides that "every person who, within the city of Vallejo, deals, plays, or carries on, opens, or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game played with cards, dice or any device for money," etc., is punishable as prescribed.

It may be that the ordinance includes all that is denounced in the statute, and it may also be that it includes much more. The defendant was convicted for playing the game of "keno," which the petitioner asserts is a percentage game, and is therefore an offense under the Penal Code. Nothing in the procedure shows that "keno" is a percentage game, nor are we cited to any authority to which we may lawfully resort from which we could determine whether it is or is not a percentage game. "Keno" is not mentioned in the code. It does not appear, therefore, that "keno" is a game prohibited by the code provision. We may judicially know the meaning of the terms used in the statute, but we do not judicially know how "keno" is played, and therefore we do not know whether it is a game there prohibited.

Since it was competent for the city, by ordinance, to prohibit all games not denounced by the statute, lack of jurisdiction is not made to appear.

The point was made that the commitment and judgment are void because the defendant was sentenced to be confined in the branch county jail. An amended return has been made by which it appears that defendant was not sentenced to be confined in the branch county jail, but was committed to the city jail of Vallejo.

The branch jail seems to be a joint prison used both by the county and city, such use being specially authorized by statute. (Stats. 1875-76, p. 530.) The act provides that the sheriff shall take charge of the jail for county prisoners, "provided, however, that such use thereof shall not in any manner interfere with the use of such jail as a city jail under the charge of the proper authorities of such city, who shall at all times have access to and the use thereof conjointly with such sheriff."

The prisoner should have been committed to the custody of a city official rather than to the sheriff. Perhaps the jailer is

a city officer as well as a deputy sheriff, but at all events it would not help the petitioner to be sent back to the same jail to be kept by the city marshal rather than by the sheriff, as, if insisted upon, perhaps we would be required to do under section 1493 of the Penal Code.

The ordinance describes the games prohibited with sufficient definiteness. It condemns all games of chance played for money. From this comprehensive description we must exclude those condemned by the statute. As all are supposed to know the law, this can readily be done. This method of defining offenses is not to be recommended as a model, but we cannot hold that it renders the ordinance void.

The prisoner is remanded.

Beatty, C. J., Van Dyke, J., Garoutte, J., and Harrison, J., concurred.