[Civ. No. 5756.   Third Appellate District.—April 1, 1937.]

P. Q. ROBISON, Appellant, v. IRWIN E. PAYNE, as County Treasurer, etc., Respondent.

W. H. Hazell and Lovett K. Fraser for Appellant.

Burt W. Busch, District Attorney, for Respondent.

U. S. Webb, Attorney-General, and H. H. Linney and James J. Arditto, Deputies Attorney-General, as *Amici Curiae* on Behalf of Respondent.

PULLEN, P. J.—In December, 1935, appellant sold and delivered to the Kelseyville fire district of Lake County certain equipment of the value of $27.81. A claim was presented for this amount, which was audited and allowed. Upon presentation to respondent, as treasurer of the county of Lake, payment was refused on the ground that it would involve an expenditure by the district in excess of the limitation prescribed by chapter 356, Statutes of 1935, and would therefore be an illegal expenditure. A writ of mandate was then sought to compel respondent to honor the claim but the writ was denied, and the matter is now before us on appeal from that judgment.

In 1933 the legislature proposed a constitutional amendment to article XI of the state Constitution, which, among other things, added a new section thereto, known as section 20. This proposed amendment was submitted to the People at a special election in June, 1933, and adopted. By its terms the limitations imposed by section 20 expired June 30, 1935, but provided " . . . the legislature may impose thereafter the same limitations for such period or periods as it may determine. . . . "

In 1935 the legislature attempted to extend the limitations provided for in section 20 of article XI and enacted chapter 356, Statutes of 1935. The issue involved in this proceeding pertains to the constitutionality of this latter statute. Appellant contends that the limitations imposed by chapter 356

are different from, and in conflict with, those imposed by section 20 of article XI of the Constitution, and that consequently the act of the legislature is unconstitutional, and, therefore, there were no limitations on expenditures after June 30, 1935.

A comparison of the statute with the Constitution reveals that the statute allows an increase over the 5 per cent limitation if a majority of the electors of the political subdivision involved authorize an increase, whereas article XI, section 20, of the Constitution requires a two-thirds vote. The Constitution requires that the 5 per cent increase in expenditures each year be based upon the expenditures of the preceding year, while the statute provides for cumulative expenditures in cases where the political subdivision has not increased its expenditures by 5 per cent over the preceding year. Differences also exist between the Constitution and the statute in fixing the base for determining the maximum, and also in the meaning of ''expenditures'' as used in the respective acts.

The question then is, was the legislature necessarily controlled by the limitations set forth in article XI, section 20, of the Constitution?

It is recognized that all legislative power of the state, except the right of initiative and referendum, is vested in the legislature, and that body may exercise all legislative powers not delegated to the federal government, or the exercise of which is not forbidden by the Constitution of the United States, or of the state of California. It is conceded if no constitutional provision was involved, the legislature could impose any limitation in expenditures it saw fit, but we do have a definite constitutional provision effective until June 30, 1935, containing the provision that ''the legislature may impose thereafter the same limitations . . . ''. Between the adoption of the constitutional amendment and June 30, 1935, the legislature could not vary the constitutional limitations on expenditures, but we are now concerned with the construction of article XI, section 20, after June 30, 1935, as applied to the power of the legislature to enact chapter 356, Statutes of 1935, as it was written.

Article 1, section 22, of the Constitution declares the provisions of the Constitution are mandatory and prohibitory unless by express words they are declared to be otherwise.

Accordingly, it was held in *Fresno Nat. Bank* v. *Superior Court*, 83 Cal. 491 [24 Pac. 157], that where a provision of the Constitution is expressly made permissive as by the use of the word "may" it will not be deemed mandatory. But in *Mundell* v. *Lyons*, 182 Cal. 289 [187 Pac. 950], the court in interpreting the language "The legislature by uniform and general laws may provide for the formation of counties," it was held it was proper to examine a constitutional provision in the light of its history, and when so read the prohibitory intent of that language was plain. The court there said:

"If it were permissive only, so that the legislature still retained the power to create new counties, it both failed of the very purpose for which it was adopted and was also wholly futile, since, without it, the legislature had the power, which it had frequently exercised, to do the very thing which the amendment gave it permission to do."

So, likewise, in section 20 the words "may impose" and "shall have power" must likewise be given a mandatory interpretation. In the absence of constitutional restriction the legislature would have had the power to impose any limitation on expenditures it saw fit. Therefore, in using the words "may impose" the Constitution must have intended to give the legislature the privilege of electing whether the limitations should be continued or not, but having so elected, the legislature was required to impose the same limitations as provided in section 20 of article XI. Otherwise, as held in *Mundell* v. *Lyons, supra,* the language of the Constitution was futile since without it the legislature had the power to do the very thing which the amendment purported to give it permission to do.

Having concluded that the legislature was obligated, if it desired to continue the limitations on expenditures in force, to reenact the conditions set out in the Constitution, the next question is, is chapter 356, Statutes of 1935, in violation in whole or in part of article XI, section 20, of the Constitution?

There is no doubt that an act of the legislature which conflicts with the Constitution is void (*In re Shattuck*, 208 Cal. 6 [279 Pac. 998]), but it is also an accepted principle that a provision or part of an act may be unconstitutional, and still the whole act may not be void. (*Paladini* v. *Superior Court*, 178 Cal. 369 [173 Pac. 588]; *Beneficial Loan Soc.* v. *Haight*, 215 Cal. 506 [11 Pac. (2d) 857].) It is necessary, however,

if the constitutional portions of the statute are to stand alone and remain in full force, that they can be separated from the unconstitutional portions. (*Riley* v. *Chambers,* 181 Cal. 589 [185 Pac. 855, 8 A. L. R. 418]; *In re Weisberg,* 215 Cal. 624 [12 Pac. (2d) 446]; *People* v. *Yosemite Lumber Co.,* 191 Cal. 267 [216 Pac. 39].)

■ This doctrine should be applied, however, only where (1) the parts are so distinctly separable that one can stand without the other, and (2) where the court is able to see that the intention of the legislature was that the part declared valid should be enforceable, even though the other parts should fail. (*In re Wong Hane,* 108 Cal. 680 [41 Pac. 693, 49 Am. St. Rep. 138]; *People* v. *Monterey Fish Products Co.,* 195 Cal. 548 [234 Pac. 398, 38 A. L. R. 1186]; *City of Stockton* v. *Frisbie & Latta,* 93 Cal. App. 277 [270 Pac. 270]; *Pasadena High School Dist.* v. *Upjohn,* 206 Cal. 775 [276 Pac. 341, 63 A. L. R. 408].)

■ Applying those principles to the statute before us and recalling the variances between the statute and the Constitution, we find clear conflict, not in its minor provisions but in its fundamentals existing between the two. The conflicting provisions in the statute are inseparable from the rest of the act, and if the conflicting provisions are eliminated we cannot say the act would then express the true intent of the legislature.

We are of the opinion, therefore, that chapter 356, Statutes of 1935, violates article XI, section 20, and is invalid, and there being now no limitation on expenditures, the judgment of the trial court must be reversed. It is so ordered.

Thompson, J., and Plummer, J., concurred.