Filed May 24, 2024

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

## APPELLATE DIVISION

THE PEOPLE,

        Plaintiff(s) and Respondent(s),

v.

WILLIAM JOSEPH DORSETT,

        Defendant(s) and Appellant(s).

Appellate Division No.: 23IA900024C
Trial Court Case No.:    23T088688C
Trial Court Location:    Central Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

APPEAL from the September 7, 2023 judgment following bench trial entered by the Superior Court, San Diego County, Peter W. Singer, Commissioner. This matter was scheduled for argument and taken under submission on March 27, 2024.

REVERSED and REMANDED.

On June 25, 2023, Appellant received a citation from a San Diego Park Ranger issuing a citation for violation of San Diego Municipal Code § 56.27, Disorderly or Offensive Conduct in Public Places. Appellant received the citation for criticizing and video recording the Ranger as he issued a citation to a different individual. Appellant challenged the citation and after a bench trial on September 7, 2023, he was found guilty. He filed a timely notice of appeal.

Appellant argues that his conduct was free speech protected by the First Amendment to the Constitution of the United States. He further argues that San Diego Municipal Code§ 56.27 is unconstitutionally overbroad and that the trial court erred by using an incorrect definition of "disturbance" when deciding this case. The People concede Appellant's conduct was free speech protected by the First Amendment, was not a violation of San Diego Municipal Code§ 56.27, and therefore, submits without objection.

Following de novo review, we conclude that Appellant's conduct was protected by the First Amendment of the Constitution. The freedom to speak without risking arrest is "one of the principal characteristics by which we distinguish a free nation." (*City of Houston, Texas v. Hill* (1987) 482 U.S. 451, 463.) The judgment of conviction must therefore be reversed. In light of this conclusion, we need not address whether the conduct would otherwise violate Municipal Code section 56.27.

This matter is remanded to the trial court to dismiss the conviction and to conduct any necessary further proceedings consistent with this Decision.

_____
ALBERT T. HARUTUNIAN III
Presiding Judge, Appellate Division

_____
MARYANN D'ADDEZIO
Judge, Appellate Division

BIRCHAK, J., concurring:

I concur in the majority's decision to reverse and remand this case based on the Appellant's conduct being constitutionally protected free speech. Given the similarities between San Diego Municipal Code section 56.27 and the ordinance in *City of Houston, Texas v. Hill* (1987) 482 U.S. 451, it appears that Municipal Code section 56.27 should be declared unconstitutional on its face as well.

In *City of Houston*, the United States Supreme Court found that an ordinance was unconstitutional. That ordinance was that "[i]t shall be unlawful for any person to assault, strike or

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty, or any person summoned to aid in making an arrest." (*Id.* at 455  citing Code of Ordinances, City of Houston, Texas, § 34–11(a) (1984).)" The Court found that the ordinance was "not narrowly tailored to prohibit only disorderly conduct or fighting words" and therefore distinct from other cases where related ordinances had been upheld. (*Id.* at 465.) They also found it criminalized a substantial amount of protected speech. (*Id.* at 466.) And part of the reason the choose to reach a determination that the ordinance was facially unconstitutional was the ordinance could not "be limited by severing discrete unconstitutional subsections from the rest. For example, it cannot be limited to 'core criminal conduct' such as physical assaults or fighting words because those applications are pre-empted by state law. See supra, at 2510, and n. 10. The enforceable portion of this ordinance is a general prohibition of speech that "simply has no core" of constitutionally unprotected expression to which it might be limited." (*Id.* at 468.)

As in *City of Houston*, the ordinance here is very broad—arguably significantly broader than in *City of Houston*. The municipal code at issue reads "[t]hat it shall be and is hereby declared to be unlawful for any person to be guilty of any offensive or disorderly conduct in or upon any of the streets, alleys, sidewalks, squares, parks, or in any store, or other public place in said City, and it shall be unlawful for any person to make any loud noise, or disturbance, or use any loud, noisy, boisterous, vulgar, or indecent language on any of the streets, alleys, sidewalks, square, park, or in any store or other public place in said City." (San Diego Municipal Code section 56.27.) Similarly to *City of Houston*, it is not narrowly tailored to prohibit only disorderly conduct or fighting words. While it prohibits 'disorderly' conduct, it also prohibits 'offensive' conduct and 'loud', 'boisterous', and 'noisy' language. This breadth then criminalizes a substantial amount of protected speech. And—like in *City of Houston*—the potentially unprotected speech and conduct it prohibits is preempted by California statutes.

Municipalities' authority to make ordinances and regulations is governed under the California Constitution. "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." (Cal. Const., art. XI, § 7.) "A conflict exists if the local legislation '"duplicates, contradicts, or enters an area fully

-3-

occupied by general law, either expressly or by legislative implication." ' "" (*Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893, 897.) If an ordinance "purport[s] to prohibit acts which already are made criminal by the Penal Code, it is clear that they exceed the proper limits of supplementary regulation and must be held invalid because in conflict with the statutes which they duplicate." (*In re Portnoy* (1942) 21 Cal.2d 237, 240.) There is a specific Penal Code section regarding disorderly conduct—Penal Code section 647. And as it relates to loud disturbances, etc., the legislature enacted Penal Code section 415 to address the unprotected speech.

Both statutes have had extensive litigation related to where the constitutionally permitted line is for their restrictions on speech. For example, the California Supreme Court has found there are constitutionally limits on criminalizing 'noise,' holding "[w]hen the word 'noise' in the statute is properly construed consistent with the First Amendment and traditional views, it encompasses communications made in a loud manner only when there is a clear and present danger of violence or when the communication is not intended as such but is merely a guise to disturb persons." (*In re Brown* (1973) 9 Cal.3d 612, 619.) Under *In re Brown*, the portion of this ordinance criminalizing 'loud', 'boisterous', and 'noisy' language would clearly be unconstitutional, unless it were limited to language demonstrating a clear and present danger of violence or when it is intended to disturb. If it is limited to those circumstances, then the language is covered under Penal Code section 415 and the ordinance is preempted.

Because of its extreme overbreadth and issues of preemption, Municipal Code section 56.27 is unconstitutional on its face.

I concur in reversing the judgment and remanding this matter to the trial court.

_____
FRANK L. BIRCHAK
Judge, Appellate Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

Counsel for Appellant, William Joseph Dorsett:

MICHELE A. MCKENZIE
1350 COLUMBIA ST., STE. 600
SAN DIEGO, CA 92101


Counsel for Respondent, The People:

MARA ELLIOTT, CITY ATTORNEY
APPELLATE DIVISION
1200 THIRD AVE, SUITE 700
SAN DIEGO, CA 92101